JOHN J. LABASH, ADMINISTRATOR, ETC., PLAINTIFF-RESPONDENT, v. MORRIS EDELMAN, DEFENDANT-APPELLANT.

Submitted May 28, 1943—Decided November 4, 1943.

. For the appellant, *Aaron Heller.*

For the respondent, *Irving S. Zacharewitz.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the opinion filed by Mr. Justice Bodine.

BROGAN, CHIEF JUSTICE. (Dissenting.) I am unable to agree with the result arrived at by the majority for the reason that at the trial of the issue the plaintiff produced no evidence

identifying the chattel in dispute as the very property of his decedent and consequently there was no proof to support his claim to title or possession.

The action was in replevin. The plaintiff as administrator of the estate of Boris Weber sued out the writ to obtain possession of a specific chattel which had been owned by the decedent, to wit, an R.C.A. combination radio and victrola No. 133, 667 or, in the alternative, to have judgment for its value which was stated to be the sum of $150.

It appears that six months previous to his death, Weber had purchased the instrument described above from a dealer in the City of Passaic and that about two weeks before his death he had purchased some records for it; that the sum of $30 was still owed to the vendor on account of the purchase price of the machine. The decedent, Weber, had occupied a furnished room in the house of the defendant, Edelman. The plaintiff's claim is that Edelman fraudulently appropriated the chattel to his own use upon the death of the owner. Edelman, corroborated by his wife, maintained that he had purchased the instrument, found in his rooms, from Weber three weeks before the latter's death for the sum of $50.

It is a strain upon credulity, as the Supreme Court pointed out in its opinion, to accept the statement that the owner of the instrument would have purchased records for it a week after it had been sold. This and other incidents in the testimony of the defendant left much to be desired in the inquiry concerning the legitimacy of his claim of ownership and lawful possession. That the trial court did not believe the defendant is plain. Judgment went for the plaintiff. However that may be, it is fundamental that a plaintiff in replevin must establish his own title or right to possession.

The parties, for appeal purposes, supplied a state of case agreed on by them as under the statute they are privileged to do. *R. S.* 2:32–209. In this instance the state of case is meager. We are obliged to assume that it contains all the evidence submitted to the District Court. If this is so, the stipulation before us is insufficient to support a judgment for possession for the plaintiff. It is indispensable that in a replevin action to recover specific personal property, proof

must be supplied sufficient to identify the chattel. The plaintiff must prove a legal or equitable right to immediate possession as of the time the action was instituted. Here the issue was title and it was plaintiff's burden to prove such title as justified a lawful possession by him. In the instant case we find nothing in the stipulation of the parties to identify the instrument which was purchased by Weber as the instrument which the administrator says the defendant unlawfully retains. That the defendant's title was spurious or nonexistent is of no avail to the plaintiff who to succeed must show a right to possession in himself. Compare *Bierman* v. *Reinhorn*, 71 *N. J. L.* 422; *Pintenics* v. *Menwig*, 113 *Id.* 4; *Grimbalis* v. *Stelling*, 126 *Id.* 82. This deficiency of proof is made the basis of the ground here presented for a reversal. Motion was made before the trial court for nonsuit on the ground that "there was no proof of title" to the instrument claimed and later for direction of verdict on the ground, among others, that there was "no evidence to establish ownership * * * in the particular radio * * * in the plaintiff and no proof that the particular instrument described in the demand was owned by the plaintiff." On the facts in proof before the trial court it was error to deny either motion.

Mr. Justices Porter, Colie, Judges Rafferty, Hague and Thompson concur in the views here expressed.

*For affirmance*—The Chancellor, Parker, Case, Donges, Dear, Wells, Dill, JJ. 7.

*For reversal*—The Chief Justice, Porter, Colie, Rafferty, Hague, Thompson, JJ. 6.